UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

In re *Ex Parte* Application of Shareefah Khaled Alghanim in Support of Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782,

**Filing Under Seal NOT Requested**

Petitioner,

_____/

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Petitioner, Shareefah Khaled Alghanim, respectfully asks this Court to grant the Order attached as Exhibit "A" to this Application, which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve upon Bank of America ("BOA"), the subpoena attached as Exhibit "B" to this Application.

The requested relief is necessary for the purpose of obtaining limited, but necessary, discovery in connection with a proceeding currently pending before the British Virgin Islands Commercial Court (the "BVI Proceeding"). The BVI Proceedings involve Future Media Architects, Inc. ("FMA"), a BVI based company for which Petitioner is secretary, vice-president, and a fifty-percent shareholder. Based upon the concurrently filed Declaration of the Petitioner Shareefah Khaled Alghanim and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*. Although Petitioner requests *ex parte* relief, Petitioner **does not request** that this matter be sealed by the Court.

BOA is the entity to be subpoenaed for documents which, as set forth in more detail below and in the accompanying Memorandum of Law, Petitioner seeks for use in the BVI

Proceeding.  Petitioner believes that the documents sought will further the BVI Proceeding by assisting the Petitioner to trace and recover assets due to her from the sale of FMA assets, a process undertaken with the knowledge and approval of the BVI Commercial Court.

A. **The BVI Proceeding**.

Petitioner and her brother, Thunayan Khaled Alghanim ("Thunayan"), are each fifty-percent shareholders of FMA, which is among the world's largest holders of internet domain names.  In 2012, FMA's assets were valued at over $57 million.  Following several years of mismanagement by her brother, occasioned by a serious drug and alcohol problem, Petitioner petitioned the BVI court to, *inter alia*, appoint a receiver over FMA's assets.  Her petition was granted on October 17, 2013.

In 2014, Petitioner and Thunayan agreed to hold the BVI receivership in abeyance while professional persons set about selling certain of FMA's assets.  Over Petitioner's objection, Thunayan opened an account with Bank of America (the "BOA Account") in the United States for the purpose of depositing proceeds from the sale of FMA's domain names.  The sale of FMA assets generated more than $24 million in revenue, but Petitioner has received only a fraction of that amount (approximately $9 million), notwithstanding her 50% interest in the company (and several outstanding loans she made to FMA).  Since January 28, 2016, Thunayan has stopped sending Petitioner reports regarding the sale of FMA assets.

Thunayan has made it impossible for Petitioner to value the company and protect its company's assets.  Moreover, Petitioner is unable to determine the amounts properly due to her from the sale of FMA assets.

Although Petitioner understands the BOA Account was to be used for the deposit of several million dollars' worth of revenue from the sale of FMA assets, Petitioner is unaware of

the status of the BOA Account, whether all or even some of the proceeds of the sale of FMA assets were transferred to the BOA Account, or if it even remains open. *Id.* at ¶ 28. Petitioner believes that the proceeds of the BOA Account may have been transferred to Thunayan's personal accounts, among others. Accordingly, Petitioner seeks discovery from Bank of America in aid of the BVI Proceeding.

B. **The Documents Sought.**

Petitioner seeks the following documents from Bank of America:

1. All full and complete documents pertaining to the opening of the BOA Account.
2. All documents sufficient to identify any authorized signatories to the BOA Account, including signature cards.
3. All full and complete details regarding incoming and outgoing wire transfers from the date of opening of the BOA Account to the present.
4. All full and complete account statements from the date of opening of the BOA Account to the present.
5. All full and complete credit card and debit card holder details and full and complete credit card and debit card statements showing transactions from the opening of the BOA Account to the present.
6. All cancelled checks from the opening of the BOA Account to the present.

C. **Petitioner's Application Should be Granted.**

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. Bank of America is located in this district,[1] and the Petitioner, a 50% owner of FMA who successfully petitioned the BVI courts to place FMA into receivership in the BVI, seeks to use the documents in that proceeding. The documents sought from Bank of America are relevant to locating the FMA's assets and protecting Petitioner's ownership interests. Moreover, as set forth in the Memorandum of Law filed concurrently

---

[1] Non-Party witness Bank of America has several branches in Miami, Florida, including locations at 701 Brickell Avenue, 1 SE 3rd Avenue, and 8101 Biscayne Boulevard in Miami.

herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the *Ex Parte* Application for an Order to Conduct Discovery in a Foreign Proceeding; (b) enter the Proposed Order attached to this Application as Exhibit "A," (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoena attached to this Application as Exhibit "B"; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

Respectfully submitted this 13th day October, 2017.

/s/ Michael S. Vitale
Michael S. Vitale
Florida Bar No. 17136
E-mail: mvitale@bakerlaw.com
Robert W. Sowell
Florida Bar No. 113615
E-mail: rsowell@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone: (407) 649-4083
Facsimile: (407) 841-0168
*Attorneys for Petitioner*

611390797.1